In re CORSI.

(District Court, S. D. New York. January 9, 1912.)

1. CUSTOMS DUTIES ☞60½, New, vol. 24 Key-No. Series—BROKERS—LICENSES—REVOCATION.

Under Act June 10, 1910, c. 283, 36 Stat. 464 (Comp. St. 1913, §§ 5550–5554), relating to the revocation of the licenses of customs brokers, and providing that the collector may at any time for good and sufficient reasons serve notice in writing upon any custom house broker to show cause why the license shall not be revoked, which notice shall be in the form of a statement specifically setting forth the grounds of the complaint, it is unnecessary for the notice to set forth the case with legal certainty, and, while a notice charging that the broker had been guilty of misconduct in fraudulently converting to his own use a government refund check is sufficient, the allegations of conversion are unnecessary.

2. CUSTOMS DUTIES ☞60½, New, vol. 24 Key-No. Series—BROKERS—LICENSES—REVOCATION.

In a proceeding to forfeit the license of a customs broker, the fact that the notice required under Act of June 10, 1910, made unnecessary use of technical legal phrases charging an offense which was not established as charged, is no ground, where the broker is guilty of an offense warranting revocation of his license, for denying revocation.

3. CUSTOMS DUTIES ☞60½, New, vol. 24 Key-No. Series—BROKERS—LICENSES—REVOCATION.

A customs broker was a member of a corporation engaged in importing. The corporation made entry of merchandise for a customer, and, the customer being entitled to a refund, a government refund check was drawn ·to the order of the corporation which had made the entry. The broker, though not authorized, signed the check as treasurer of the corporation and deposited the proceeds to his own account. It appeared that he and the president of the company whose signature was required on all firm checks were having difficulties, though the broker contended that he appropriated the money to compel the customer of the corporation to pay him an individual debt. Upon the customer making inquiries at the custom house, the broker returned the money. *Held*, that he was guilty of misconduct warranting revocation of his license as customs broker.

4. CUSTOMS DUTIES ☞60½, New, vol. 24 Key-No. Series—BROKERS—LICENSE —REVOCATION—PROOF.

In such case, where the complaint of the collector charged the broker with fraudulent conversion of the refund check, proof of the above facts was sufficient to establish the fraudulent conversion.

5. CUSTOMS DUTIES ☞60½, New, vol. 24 Key-No. Series—BROKERS—LICENSE —REVOCATION—FINDING OF COLLECTOR.

In a proceeding to revoke the license of a customs broker, the finding of the collector on questions of fact should be treated as a verdict and should not be disturbed either by the Secretary of the Treasury or the courts when there is evidence to support it.

In the matter of the license of Frank Corsi as a customs broker. Application under Act June 10, 1910, § 3, for review of the decision of the Secretary of the Treasury revoking Frank Corsi's license as a customs broker. Revocation confirmed.

Samuel F. Frank, of New York City, for applicant.
Carl E. Whitney, Asst. U. S. Atty., of New York City, opposed.

HOUGH, District Judge. Corsi is a licensed custom house broker under the statute above referred to, and also a shareholder and officer (i. e., treasurer) of the corporation of Corsi, Zumsteg & Co.

Zumsteg was likewise a large shareholder in the corporation, and (with borrowed money) contributed the company's capital; Corsi putting in his good will and labor.

Like most small corporations, the business seems to have been actually carried on as if it were a partnership, but still the company has by-laws, which, among other things, required Corsi as treasurer to deposit all the checks drawn to the order of the company in the company's bank account.

There were dissensions in this business between Corsi and Zumsteg, and Corsi, who was the only licensed broker connected with the concern, seems to have regarded the custom house business of the company as his own. He acted as broker for one Piero in the importation of certain merchandise in which the custom house business assumed such shape that on September 14, 1911, a refund check was ready for delivery, drawn to the order of Corsi, Zumsteg & Co., which means that the corporation had made the entry and were, so far as the custom house knew, the importers of the merchandise.

On September 14th, Corsi took this refund check for $113.70, indorsed it as treasurer, and deposited it in his own private bank account. He has himself stated that he did this because he "wanted to be sure" that Piero got his money; Piero being the ultimate consignee of the goods out of which the rebate grew. It is argued by counsel that the principal reason for Corsi's action was his quarrel with Zumsteg and his fear that money put into the corporate account might be held up by Zumsteg, whose signature as president was required by the by-laws on all firm checks; but there is nothing to show that any unjust, dishonest, or unlawful claims were advanced or threatened by the corporation against Piero, and no reason appears from Corsi's own testimony as to why the check should not have pursued the proper and normal course. It is, however testified by Mr. Shaw, of the legal force of the custom house, that Corsi stated to him that he had taken this particular check of $113.70 because Piero owed him (Corsi) about $60, and he wanted to get that debt paid out of the rebate found.

[1, 2] As matter of fact, Piero evidently knew perfectly well that he had imported his merchandise through Corsi, Zumsteg & Co., for on or about September 20, 1911, he wrote a letter to the collector stating that fact and complaining that there was such delay in the payment of rebates. He had inquired of the corporation and been told that the rebate check had not been received. The custom house advised him of the payment of the check and its delivery to Corsi, and thereupon, and subsequent to September 25, 1911, Corsi paid Piero the full amount. Thereupon the collector had served upon Corsi a notice requiring him to show cause why his custom house license should not be revoked, because "you have been guilty of misconduct in your practice as custom house broker, in that you on or about September 14, 1910, fraudulently converted to your own use a certain government refund check for $113.70." Of this charge Corsi was found guilty by the collector and the finding confirmed by the Secretary of the Treasury.

The act of Congress does not specify what acts or conduct shall be deemed of such turpitude as to justify revocation of license; indeed, there is nothing in the statute requiring turpitude or positive wrongdoing as a prerequisite for revocation of license. The sole limitation upon the collector's authority is that the notice to be given in respect of any threatened revocation shall "be in the form of a statement specifically setting forth the grounds of complaint."

Undoubtedly, the complaint above quoted complies with this statute, and the record herein raises as the first question of law to be considered an inquiry whether the allegations of the notice must correspond to the proof contained in the record with the strictness of a criminal proceeding.

In my judgment, such accuracy is not necessary. This is a statute for the regulation of business men, to be administered by business men, and, whenever the substance of the complaint is fairly shown to be proved, punishment should not be aborted by the incautious or unnecessary use of technical legal phrases in the notice of hearing. Thus, if, in this case, the notice had avoided the use of the words "fraudulently converted," and merely stated the uncontradicted facts, it would in my judgment have been a sufficient complaint. Therefore in my opinion the prime inquiry is, not whether there was a technical conversion of the check, but whether Corsi was guilty of misconduct as a custom house broker in doing what he is shown to have done.

[3] In my judgment he was guilty of misconduct, and on this ground alone the proceedings should be confirmed.

[4, 5] But even if it be held that, since fraudulent conversion is charged, fraudulent conversion must be proved with the strictness of criminal proceedings, I am of opinion that it is well proved, unless this court is to assume under the statute to differ in questions of fact with the collector as the trial officer. As to this, it is my judgment that in practice under this statute the finding of the collector on all questions of fact should be treated like the verdict of a jury, and neither the Secretary of the Treasury nor this court should vary or disturb such findings if there be any evidence in support thereof. Applying this test to the proceeding, there is certainly evidence from which it may well be inferred that Corsi took this check for the purpose of getting out of it a private debt of his own, whereas, the money should have gone through the corporation books and been subject only to offsets justly advanced by the corporation; and on this view there was a conversion of something belonging to Corsi, Zumsteg & Co.

There is also evidence from which it might well be inferred that Corsi wanted money for his own purposes, that Piero did not owe him anything, and that his real intent was to withhold payment from Piero as long as possible in order to supply his immediate (and it is hoped temporary) necessities. If this be the truth, then it is a fair inference of fact that there was a conversion of something that belonged to Piero.

It is therefore concluded:

(1) That this charge is laid with unnecessary particularity.

(2) That improper conduct by Corsi is abundantly proven.

(3) That even if the charge must be proven as laid by legal evidence and "without variance" as that expression is used in the criminal law, there is enough evidence to warrant the submission of a charge of fraudulent conversion to a jury.

(4) The collector having found against Corsi on sufficient evidence, this court will not disturb the collector's finding of fact.

(5) On this record, however, if I were sitting as a trial judge I would come to the same conclusion as did the collector.

The revocation of license is confirmed.